UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-20178-CIV-MORENO

NURI DORRA,

    Plaintiff,

vs.

CITY OF MIAMI BEACH,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

The Plaintiff brought suit against the City of Miami Beach under Title II of the Americans with Disabilities Act. He alleges that the City discriminated against him when it heavily fined his company's property for code violations, despite knowledge that Plaintiff was suffering through treatment for colon cancer. The alleged discrimination took two forms. First, the City would not grant extensions of time for code compliance and second, an assigned special master would not reduce the fines. Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction due to lack of standing. This Court agrees that it lacks subject matter jurisdiction. The Plaintiff did not properly appeal the decision of the special master and has not yet paid any fine. In doing so, the Plaintiff fails to show how any injury suffered is redressable by a favorable decision here.

### BACKGROUND

The Plaintiff is the manager and sole owner of Roosevelt Park, LLC. Roosevelt owned a property at 1611 Meridian Avenue in the City of Miami Beach. The property amassed various code enforcement violations and resulting fines that added up to approximately $500,000. During this time, the Plaintiff was diagnosed with and treated for colon cancer. The City assigned a special master to

the matter in order to hear Plaintiff's request to mitigate the fines. The special master denied the Plaintiff's request.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Instead, plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Id.* When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

In the case of a motion to dismiss for lack of subject matter jurisdiction, "the burden to establish the existence of subject federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). The Eleventh Circuit has ruled that a motion to dismiss for lack of subject matter jurisdiction is a facial attack that "requires the court merely ... look and see if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction." *Stalky v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232-33 (11th Cir. 2008).

"A plaintiff seeking to invoke a federal court's jurisdiction bears the burden of establishing standing." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Invoking a federal court's jurisdiction requires a plaintiff to show that "(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 704 (2000). The elements amount to "an 'irreducible constitutional minimum' and failure to show any one results in failure to show standing." *Id.* (citing *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136.)

## DISCUSSION

The Plaintiff only "demands judgment in his favor" but there is no basis upon which this court can redress the injury in this action. The City of Miami Beach Code of Ordinance states that "[a]ny person aggrieved by any action or decision of the code inspector may appeal to the special master by filing with the special master, within ten days after receipt of the notice of violation." §58-233. *See also* § 162.11, Fla. Stat. ("An aggrieved party, including the local governing body, may appeal a final administrative order of an enforcement board to the circuit court.") In reading the sparse complaint, it appears that the Plaintiff appeared before a special master. Section 58-233 of the City of Miami Code of Ordinance goes on to state that "[a]ny person aggrieved by any decision of the special master on an appeal shall be entitled to apply to the circuit court for a review thereof by petition for writ of certiorari in accordance with the applicable court rules." Whether the circuit court held a hearing on the matter or not, either would move towards finalizing the injury to a plaintiff. *See City of Palm Bay v. Pal Bay Greens, LLC*, 969 So.2d 1187 (Fla. 5th DCA 2007) (the

circuit court granted a hearing upon receiving a petition for writ of certiorari seeking review of an order of violation); *Hardin v. Monroe Cnty.*, 64 So.3d 707 (Fla 3d DCA 2011) (the circuit court refused to review an appeal of a violation order because it was not timely filed)  The Plaintiff provides no explanation as to whether he appealed the special master's decision.  With no finality, there is no certainty as to the injury suffered by Plaintiff and therefore this Court cannot redress the injury.  Furthermore, the Plaintiff did not provide any argument in his Response to the Motion to Dismiss on the issue of standing.  Therefore, the Court finds that the Plaintiff lacks standing and the case is dismissed.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of June, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record